UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO: 1:18-cv-94-GNS

SHELLIE TIDBALL,                                                                    PLAINTIFF.

vs.

BOWLING GREEN INDEPENDENT SCHOOL DISTRICT
BOARD OF EDUCATION

GARY FIELDS, individually and in his official capacity
as Superintendent of Bowling Green Independent School District;

KORY TWYMAN, individually and in his official capacity
as Principal of T.C. Cherry Elementary School;

KEN MAY, individually and in his official capacity
as Director of Personnel of Bowling Green Independent School District,

AND

KRISTIE DOWNING, individually and in her official capacity
as an employee of Bowling Green Independent School District,          DEFENDANTS.

## VERIFIED COMPLAINT AND JURY DEMAND

Comes now the Plaintiff, Shellie Tidball (hereinafter, "Tidball"), by and through Counsel, for her complaint and jury demand against the Defendants, Bowling Green Independent School District Board of Education, Gary Fields, Kory Twyman, Ken May, and Kristie Downing ("BGISD" "Fields" "Tywman" "May" and "Downing" or "Defendants" and collectively with Tidball as the "Parties"), states as follows:

### THE PARTIES, JURISDICTION, AND VENUE

1.   Shellie Tidball is an individual, who has a mailing address of Bowling Green, Kentucky.

2.   The Bowling Green Independent School District Board of Education is a body politic with corporate status pursuant to KRS 160.160(1) and further is a governmental body charged

with the operation and oversight of the Bowling Green Independent Schools with more than fifteen employees having its primary offices in Warren County, Kentucky;

3. Defendant, Gary Fields, is currently and was at all times relevant herein, the Superintendent of the Bowling Green Independent School District Board of Education and resides in Warren County, Commonwealth of Kentucky;

4. Defendant, Kory Twyman, is currently and was at all times relevant herein, Principal of the T.C. Cherry Elementary School and resides in Warren County, Commonwealth of Kentucky;

5. Defendant Ken May, is currently and was at all times relevant herein, Director of Personnel of the Bowling Green Independent School District and reside in Warren County, Commonwealth of Kentucky;

6. Defendant Kristie Downing, to the best of plaintiff's knowledge and belief is currently an employee of BGISD, and was at all times relevant herein, an Instructional Coach at T.C. Cherry Elementary School within the Bowling Green Independent School District, and resides in Warren County, Commonwealth of Kentucky;

7. The within actions of said Defendants, and each of them, are based on individual liability and acts arising from the official capacity of each of them as agents of the Commonwealth of Kentucky and the Bowling Green Independent School District;

8. The injuries sustained by the plaintiff and the conduct described hereinbelow by the defendants occurred in the County of Warren, Commonwealth of Kentucky from 2016 until the 5th day of January, 2018;

9. This suit is brought and jurisdiction lies pursuant to Section 107(a) of the Americans with Disabilities Act (hereinafter "ADA"), 42 U.S.C. §12117;

10. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5(f)(3), have occurred or been complied with;

11. A charge of employment discrimination on the basis of disability was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unlawful practice alleged herein under the ADA;

12. A notification of Right to Sue was received from the EEOC on April 23, 2018.

13. This complaint has been filed within 90 days of receipt of the EEOC's Notification of Right to Sue;

14. This action is also filed pursuant to the Kentucky Civil Rights Act, KRS §344, *et seq.* and the common law of Kentucky, arising from violations of Tidball's rights secured by those statutes and said common law over which this court may exercise pendent jurisdiction, the basis of same being factually related to Tidball's federal claims;

## BACKGROUND, INTRODUCTION, AND NATURE OF THE CASE

15. Tidball restates, reiterates, and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 14 above of its Complaint, as if fully set forth herein;

16. All allegations set forth in this complaint arise from the same transaction, occurrence, or series of transactions or occurrences, and involve questions of law or fact relating to numerous episodes of severe and pervasive discrimination, intimidation, and retribution;

17. Events precipitating the underlying action began when Tidball, a teacher with ten (10) years experience, was employed, at all times relevant to the allegations herein, as an elementary school teacher at T.C. Cherry Elementary for BGISD;

18. At all times pertinent hereto, Tidball ably and satisfactorily performed her job duties for BGISD;

19. During the time Tidball was employed at T.C. Cherry Elementary, co-worker(s), namely Downing, repeatedly demeaned Tidball and made derogatory comments both implicitly and explicitly concerning her performance of her job duties beginning during the 2015-2016 school year and continuing until her employment ended January 5, 2018. Said conduct by Downing was excused and condoned by Tidball's superiors Twyman, May, and Fields;

20. Tidball was subjected to ongoing and repeated barrages of criticism from defendant Downing which was reported to defendants Twyman, Fields, and May on numerous occasions. Said conduct by Downing was not addressed and continued;

21. Tidball's direct supervisor, defendant Twyman was present during meetings when Tidball would discuss with him Downing's actions and Tidball made complaints to him concerning the actions of Downing by email and formal grievance which were forwarded to Defendants Fields and May without any action to address said grievances;

22. Twyman personally witnessed the ongoing and pervasive harassment but did nothing in an attempt to stop the ridicule, thus qualifying as intentional or grossly negligent inaction;

23. Downing was assigned to assist Tidball and Tidball was treated differently than similarly situated employees who were teaching the same subject matter and material;

24. In July 2017, Tidball began having serious health issues caused by severe anxiety and depression as a direct and proximate result of the treatment she received by Downing and the inaction of Twyman which caused Tidball to seek inpatient medical treatment and to be placed off work for a period of time in August 2017;

25. Contrary to the directives of Tidball's treating medical professionals, Tidball was required by Twyman to return to work at the beginning of the 2017-2018 school year without

appropriate accommodations as required by said medical professionals and counselors and the harassment continued resulting in additional medical treatment and continued impairment;

26. Tidball was not afforded reasonable accommodations for her medical condition or permitted to be off work pursuant to her healthcare provider's orders;

27. Tidball made numerous grievances to Twyman, May and Fields which were all denied and the behavior of Downing continued to be condoned and allowed by said defendants;

28. Tidball, was forced to work in what had become an exceedingly hostile, discriminatory, and intolerable work environment;

29. By the acts and omission alleged in this Complaint, the Defendants action under color of state law and local law has failed to protect Tidball in the employment setting by subjecting Tidball to harassment and failing to provide, and ensure that reasonable accommodations were followed, and ultimately depriving her of employment based on her disability and inability to continue her employment under the circumstances;

30. The Defendants displayed an inordinate and deliberate indifference towards Tidball by implicitly forcing her to resign in January 2018;

31. The Defendants caused extreme emotional distress to Tidball by violating her rights under the Americans with Disabilities Act and criticizing her to the point of severe mental anguish and impairment requiring medical treatment and hospitalization;

32. The Defendants' actions and inactions caused Tidball severe humiliation and embarrassment;

33. Tidball is seeking recovery of actual damages of back pay, front pay, lost income, benefits, compensatory and punitive damages, costs, litigation expenses, and attorney fees;

## COUNT I:  VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

34. Tidball restates, reiterates, and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 33 above of her Complaint, as if fully set forth herein;

35. The Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*, prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."  42 U.S.C. § 12112;

36. Tidball's condition, including her mental health and resulting physical limitations, substantially limited at least one of Tidball's major life activities, therefore Tidball, at all times relevant hereto, was and is an individual with a disability under the ADA;

37. Tidball was fully qualified to continue her employment as an elementary school teacher having completed all professional requirements and having substantial experience in the field;

38. Bowling Green Independent School District is a covered employer to which the ADA applies;

39. Bowling Green Independent School District and its agents, defendants herein, failed to provide Tidball with reasonable accommodations related to her disability which would have allowed her to continue her employment;

40. As a result of BGISD's actions, Tidball has suffered and will continue to suffer both economic and non-economic harm;

## COUNT II: RESPONDEAT SUPERIOR

41. Tidball restates, reiterates, and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 40 above of her Complaint, as if fully set forth herein;

42. As a supervisory party, employers, including the defendant Bowling Green Independent School District are vicariously liable for the actionable conduct of any subordinates, associates and/or employees named or referenced in this complaint;

## COUNT III: HOSTILE WORK ENVIRONMENT

43. Tidball restates, reiterates, and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 42 above of her Complaint, as if fully set forth herein;

44. Tidball experienced continued psychological and verbal/written intimidation which caused and was due to her disability by her supervisors and co-workers at School District, thus creating hostile and unreasonable working conditions;

45. As a direct and proximate result of the discrimination caused by the Defendant's actions and inactions, Tidball has suffered, is suffering, and is reasonably certain to suffer future economic damages;

46. Defendant, BGISD, acting by and through its employees, defendants herein, intended to create and did create hostile and unreasonable working conditions, thus violating KRS §344.040.

## COUNT IV: RETALIATION AND DISCRIMINATION

47. Tidball restates, reiterates, and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 46 above of her Complaint, as if fully set forth herein.

48. Defendants have subjected Tidball to violations of KRS §344.280 in the form of discrimination and/or retaliation based upon her objections and opposition to unlawful employment activities by Defendant.

## COUNT V PUNITIVE DAMAGES

49. Tidball restates, reiterates, and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 48 above of her Complaint, as if fully set forth herein.

50. The acts of the defendant were performed with reckless disregard for the life safety and/or property of the plaintiff, by reason of which the Plaintiff is entitled to an award of punitive damages;

## COUNT VI GROSS NEGLIGENCE

51. Tidball restates, reiterates, and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 50 above of her Complaint, as if fully set forth herein.

52. As a proximate cause of the negligence and gross negligence and/or intentional and/or reckless wanton conduct of said defendant the Plaintiff sustained physical and mental injuries and is entitled to her claims for medical expenses, past and future, physical pain and suffering, mental pain and suffering, anguish and humiliation and punitive damages, all in an amount in excess of the minimum jurisdiction of this Court;

## COUNT VII OUTRAGE

53. Tidball restates, reiterates, and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 52 above of her Complaint, as if fully set forth herein.

54. The conduct of the Defendants, and more particularly the defendant Downing, was so far beyond the bounds of professionalism and decency that it rises to the level of outrageous conduct for which the Plaintiff is entitled to recover not only her compensatory damages previously set forth but also for the intentional infliction of emotional distress as a result of the intentional and negligent outrageous conduct of the defendant(s) for which the Plaintiff is also entitled to compensatory damages and punitive damages;

## PRAYER FOR RELIEF

**WHEREFORE**, the plaintiff, Shellie Tidball, respectfully prays for the following relief on its Complaint as follows:

1. Trial by jury;

2. Judgment on all Counts in favor of Tidball and against Defendants;

3. Judgment in favor of Tidball's actual, compensatory, incidental, and consequential; as well as punitive damages resulting from Defendant's actions and inactions in the amount of $750,000.00;

4. Judgment in favor of Tidball for damages for her humiliation and embarrassment, including damages for emotional distress in the amount of $750,000.00;

5. Tidball be awarded reasonable costs, expenses, and attorney fees;

6. Any and all other legal and/or equitable relief which Tidball may be entitled, on all issues so triable

Respectfully Submitted,

/s/ Cameron C. Griffith
Cameron C. Griffith
Theodore H. Lavit
Theodore H. Lavit & Associates, P.S.C
1 Court Square.
Lebanon, KY 40033
(270) 692-4471

## VERIFICATION

I, **SHELLIE TIDBALL,** Tidball herein, state I have read the foregoing Complaint, and the facts stated herein are true to the best of my knowledge and belief.

_____
SHELLIE TIDBALL

STATE OF KENTUCKY                )
                                 )
COUNTY OF MARION                 )

The foregoing COMPLAINT was SUBSCRIBED, ACKNOWLEDGED AND SWORN TO before me by **SHELLIE TIDBALL** on this 18th day of July, 2018.

_____
Notary Public, Kentucky State at Large
My Commission Expires:
Notary ID #: 528561